## Richmond.

### BINNS v. RICHMOND & DANVILLE R. R. Co.

March 10th, 1892.

NEGLIGENT INJURIES—*Actus Dei.*—In action against railroad company for alleged negligent killing of plaintiff's intestate, an engine-man in discharge of his duty, it was proved that the defendant exercised not only ordinary but extraordinary care to maintain a safe road-bed at place of accident, the place having been twice inspected that morning, and found safe, but a sudden fall of rain softened the already-saturated earth, and the engine sank, turned over, and killed the intestate ;

HELD:

    Defendant was not liable, as the sudden rain, rendering the road-bed unsafe, was an unavoidable occurrence.

Error to judgment of circuit court of city of Richmond, rendered November 26th, 1889, in an action for the negligent killing of plaintiff's intestate, wherein the plaintiff in error, John S. Binns' administrator, was plaintiff, and the Richmond and Danville Railroad Company was defendant. Opinion states the case.

*Edgar Allan* and *Hill Carter,* for plaintiff in error.

*B. B. Munford,* for defendant in error.

LACY, J., delivered the opinion of the court.

The plaintiff in error is the administrator of John S. Binns, who was killed by an accident on the Richmond and Danville Railroad on the 26th day of April, 1889, while in the discharge

of his duty as engine-man on the mail train going west, about 9:30 A. M., about five miles west of West Point. The circumstances of the killing show no negligence on the part of the deceased, and none is alleged. But, claiming that the company had been negligent in the care of its road-bed at the point of the derailment of its engine, suit was instituted in the circuit court of Richmond city by the plaintiff in error, as his administrator, for the negligent killing of the said John S. Binns. At the trial, there were sundry exceptions by the plaintiff to certain rulings of the court against him. The defendant demurred to the evidence, and the jury, in their verdict, assessed the plaintiff's damages to be $8,000, if the opinion of the court should be for the plaintiff; and, if the opinion of the court should be for defendant, then they found for the defendant. The court rendered judgment for the defendant, when the plaintiff moved the court to set aside the verdict and judgment and grant him a new trial, which motion of the plaintiff the court overruled, whereupon the plaintiff applied for and obtained a writ of error to this court.

The evidence which is certified shows that in the spring months of 1889, there was an unprecedented fall of water in the country at and contiguous to the place of this accident. That, in consequence of the continual rain and washings along the line of this road, measures of increased vigilance were adopted along the route. At the place of this accident there was a fill of earth which ran across a small bottom, and, some seventy feet west of the place of the accident, there was a small pond of water above the road-bed—that is, on the upper side of the track. That it had been there since the road was built, some thirty years ago, and, while it was somewhat swelled by rains, it had never amounted to much; but shortly before the accident—some weeks—owing to the protracted rains, the earth under the track had sunk a few inches, which, being observed and reported to the proper officers, had been repaired by bringing a sufficient supply of dirt, and raising the

track and restoring it to its proper level. That the road, in the opinion of experts, was properly constructed, and that this part of the road was considered the best along that part of the line; and that the deceased was in the habit of putting on steam along there and running faster than anywhere else, and, when questioned about it, said it was a nice piece of road, and he loved to run. That nothing had ever happened there of an unusual character. That it had been examined at that point twice that morning by the track-walker, and found all right, he having passed up and beyond that point, and back again, before 9:30, when the accident happened. That the road had been carefully inspected daily, and nothing appeared wrong. The little pond had not been increased much, if any, by the rain, it being supplied by the slope of a very small space. And it was clear nothing was the matter with it early in the morning, when two heavy freight trains had come down over the point, and just about one hour before the express or fast train had gone over it, going west, and preceding the mail train. That, after the express had passed, there was a heavy rain, which so softened the surface of the road-bed, already very wet from continual rains, that it became so surcharged with water as to be very soft. The engine of the mail train, on which Binns was, sunk the cross-ties on the right-hand side into this soft earth so as to turn it over on its side; and it went over the bank, and caught Binns under it, and killed him. The baggage-car and the passenger coaches stopped, and did not leave the track, and a witness stepping off sank into the earth up to his knees. In front of this place, where the small pond was, the bank had been carried away by the water, but the engine never reached this point.

It was attempted to prove, on the part of the plaintiff, that there had been other washouts on other parts of this road shortly before; but this was excluded by the court as having no connection or bearing upon this case. And it was attempted on the part of the plaintiff to show that his own witness had

said, some time before, in writing, that the dirt placed at this place did not amount to anything, he having at the trial said that the dirt put there to repair it had put it in proper order; but the court excluded this effort to discredit his own witness. And again, from the same source, whether said witness recollected making a statement in writing about it. The exceptions to these, and the exceptions to the ruling of the court in overruling the motion to set aside the verdict and grant a new trial, constitute all the exceptions.

There is a good deal of discussion as to whether an accident to an employee, caused by defective road-bed or machinery, is *prima facie* negligence on the part of the carrier. But such a discussion in this case is inapplicable and unprofitable. The company is bound to exercise ordinary care as to its employees, to maintain a safe and sound road-bed, but there is no failure of proof on this subject. Whatever the burden of the company as to its proof on this subject, it has been perfectly and distinctly proved that this company did exercise ordinary care to maintain a safe road-bed at this place, and not only ordinary, but extraordinary, care and diligence in the inspection and repair of its track. The place had been twice inspected that morning. It appeared to be safe. Two heavy freight trains passed over it, and one light fast train going in the opposite direction, all in safety. It was thus proved to be safe. There came down upon this place a sudden fall of water, which saturated the already drenched earth, which dissolved the dirt, and made it dangerously soft and yielding; and the heavy engine sunk into the earth and turned over at a place over which it had gone many times in safety, and over which three engines had just preceded it in safety. To hold the company responsible for this accident upon the principle of negligence would be to hold it responsible for the act of God. They could neither bring nor stay the falling rain, and they had and have no appliance by which they can prevent the water from softening the earth upon which it falls. This record not only shows

no negligence on the part of the company, but it affirmatively shows that, the condition of things being unprecedented, every diligence was brought to bear in a faithful endeavor to save the company's property from injury, and to prevent the injury of its employees and others. Nothing was left undone which skill and foresight could provide. The injury is admitted. There is no claim of contributory negligence on the part of the deceased which contributed to his injury. But the injury was not caused by the negligence of the company, which contributed in any degree to the injuries sustained by the deceased; and there can be no recovery against the company, because it is not in fault. *Railroad Co.* v. *Moffett, ante* p. 785. The circuit court of Richmond city having so decided, the judgment of that court must be affirmed.

JUDGMENT AFFIRMED.